NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In the Matter of the Estate for:

NORMA MAE WADE, *Deceased*.

---

ROBERT BRIAN WADE, *Appellant*,

*v.*

MHP #3 LLC dba CONTEMPO TEMPE MHP, *Appellee*.

No. 1 CA-CV 14-0393
FILED 5-5-2015

---

Appeal from the Superior Court in Maricopa County
No. PB2012-091166
The Honorable Terri L. Clarke, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Christopher D. Graham, PLLC, Chandler
By Christopher D. Graham
*Counsel for Appellant*

Williams, Zinman & Parham, PC, Scottsdale
By Melissa Parham, Mark B. Zinman
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

C A T T A N I, Judge:

¶1        Robert Brian Wade appeals from the superior court's denial of his motion to vacate an order regarding title to a mobile home previously owned by his mother. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Wade's mother died in mid-April 2012. The sole asset in her estate was a mobile home located on a rental space at Contempo Tempe Mobile Home Park ("Contempo"). Wade was living with his mother at the time of her death. Contempo thereafter evicted Wade because he did not meet the minimum-age requirement for the mobile home park and was not an approved resident.[1] Contempo sent a termination notice for unpaid rent to Wade's mother's last known address advising that the tenancy was terminated for unpaid rent. The notice of termination was returned undelivered. Contempo then published a notice of lien sale under Arizona Revised Statutes ("A.R.S.") § 33-1023.[2] Contempo was the sole bidder at the public sale in August 2012 and purchased the mobile home for $1,539, the amount owed for unpaid rent and utilities.

¶3        Shortly thereafter, Wade initiated probate proceedings and was appointed as personal representative of his mother's estate. He immediately sought a temporary restraining order to prevent transfer of the mobile home's title to Contempo and to permit him access to the mobile home. The court declined to take any action on the request, however, after

---

[1]        Although Wade alleges he signed an attachment to his mother's lease and was a co-tenant, the record does not include any such document.

[2]        Absent material revisions after the relevant date, we cite a statute's current version.

determining that Wade was seeking the same relief in a separate civil case that was still pending.[3]

¶4 Wade then moved to void the transfer of title on the basis that the lien sale was invalid. The superior court granted the motion in April 2013, finding that Contempo's lien for payment of rent accruing after Wade's mother's death was invalid under the Arizona Landlord and Tenant Act, which allows a landlord's lien for rent "except to secure the payment of rent accruing after the death . . . of the lessee." A.R.S. § 33-362(A). Contempo thereafter transferred title of the mobile home to the estate and filed a claim against the estate in the amount of $6,850.71 for unpaid rent, utilities, and back taxes.

¶5 Wade failed to appear at a scheduled hearing in June 2013. The following month, at a show cause hearing regarding his non-appearance, Wade informed the court that he had transferred title to the mobile home to himself. The court ordered Wade to transfer title back to his mother's estate and file proof he had done so by July 23, 2013. The court also ordered the Maricopa County Public Fiduciary ("Public Fiduciary") to investigate whether Wade should be removed as personal representative. The court contemporaneously deemed allowed several creditor claims against the estate totaling $21,417.79 (including Contempo's claim for $6,850.71).

¶6 In August 2013, the court suspended Wade as personal representative because of his failure to file proof that he had transferred title of the mobile home back to the estate. Contempo then filed a motion for reconsideration of the court's April 2013 ruling voiding the mobile home lien sale. As of the date of another show cause hearing in September 2013, Wade still had not filed proof that he had transferred title back to the estate, and the court ordered him to do so by October 4.

¶7 The court subsequently appointed the Public Fiduciary as successor personal representative of the estate and granted Contempo's motion for reconsideration. The court ruled that Contempo's lien sale in August 2012 was valid under the Arizona Mobile Home Parks Residential Landlord and Tenant Act (A.R.S. § 33-1478(A)) (providing remedies when a tenant abandons a mobile home on a mobile home space). The court thus ordered that title to the mobile home be transferred to Contempo. The

---

[3] The civil case was later dismissed with prejudice. *See Wade v. MHP #3, LLC*, CV2012-011746 (Maricopa Cnty. Super. Ct. Dec. 6, 2012) (judgment of dismissal).

Public Fiduciary did not take issue with the ruling and thereafter filed a motion for discharge of personal representative in December.

¶8        In late-January 2014, Wade filed a motion to vacate the order reinstating the lien sale, noting that he was an "heir to the mobile home" and that he had lived in the mobile home with his mother.  The superior court denied the motion, rejecting Wade's argument that the Arizona Landlord and Tenant Act, rather than the Arizona Mobile Home Parks Residential Landlord and Tenant Act was controlling.  The court further held that Wade would not be entitled to relief in any event because creditor claims against the estate (totaling over $21,000) exceeded the value of the mobile home, which Wade's counsel agreed was worth $10,000 at most.

¶9        Wade timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(9).

## DISCUSSION

¶10        Wade argues that the superior court erred by denying his motion to vacate, and he raises several issues relating to the lien sale, including that the superior court improperly applied the Arizona Mobile Home Parks Residential Landlord and Tenant Act instead of the Arizona Landlord and Tenant Act.  Wade also makes equitable arguments relating to Contempo's conduct in going forward with the lien sale.  Wade has not established, however, that he has standing to pursue claims relating to the mobile home, and in any event, he has not established any conceivable prejudice resulting from the superior court's ruling in light of undisputed evidence that creditor claims against the estate far exceeded the value of the mobile home, which is the only asset Wade asserts should have been in the estate.

¶11        Wade's filings in the superior court and on appeal assert that his mother's mobile home should be part of her estate and that the court erred by upholding the validity of the lien sale.  But Wade was removed as personal representative of the estate prior to the court's October 2013 ruling finding the lien sale to be valid, and no one representing the estate has challenged that ruling.  Accordingly, Wade's claims fail for lack of standing. *See, e.g.*, A.R.S. § 14-3711 (authorizing the personal representative of an estate to acquire and dispose of estate assets).[4]

_____

[4]        In the event a personal representative has not properly handled claims on behalf of an estate, the remedy for a beneficiary is an action

4

**¶12**        Furthermore, even assuming Wade had standing to assert claims relating to the administration of his mother's estate, his claims fail because he has not established that he has been aggrieved by the court's ruling.  "An appeal may only be taken by a party aggrieved by the judgment."  *In re Estate of Freidman,* 217 Ariz. 548, 551, ¶ 9, 177 P.3d 290, 293 (App. 2008); *see also* ARCAP 1(d) ("Any party aggrieved by a judgment may appeal as provided under Arizona law and by these Rules.").  "A party is 'aggrieved' if the judgment 'denies that party some personal or property right or imposes on that party some substantial burden or obligation.'" *Id.* (quoting *Kerr v. Killian,* 197 Ariz. 213, 216, ¶ 10, 3 P.3d 1133, 1136 (App. 2000)).

**¶13**        Here, the creditor claims against the estate exceeded $21,000, and it is undisputed that the mobile home was worth at most $10,000.  As the superior court noted, because creditor claims far exceeded the value of the mobile home, Wade would not benefit even if he were granted the relief requested.  *See* A.R.S. § 14-3805 ("Debts and taxes" have priority over all claims other than funeral expenses and costs and expenses of administration).  Accordingly, Wade is not an aggrieved party, and his claims against Contempo fail.[5]

**¶14**        As the prevailing party, Contempo is entitled to its costs on appeal upon compliance with ARCAP 21.  Although Contempo seeks an award of its attorney's fees under A.R.S. § 12-349, in our discretion, we decline to award fees.

---

against the personal representative, not against a party alleged to have improperly pursued a claim against the estate.  *See* A.R.S. § 14-3712.

[5]        Because we conclude Wade is not an aggrieved party, we do not address his remaining arguments.

## CONCLUSION

**¶15**      Based on the foregoing, we affirm the superior court's order denying Wade's requested relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama